# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
### DOCKET NO. 5:09-CR-025-RLV-DCK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **ORDER** |
| ALEJANDRO SALINAS GARCIA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

      **THIS MATTER IS BEFORE THE COURT** on the Inquiry into Status of Counsel hearings conducted by the Court on June 28, 2012, July 5, 2012, and July 17, 2012. What might ordinarily have been a straightforward matter related to Defendant Alejandro Salinas Garcia's ("Defendant") legal representation became a drawn out matter for the reasons addressed below. Based on a careful review of the factual circumstances presented, and the law applicable to the those circumstances, the Court concludes that Mr. Scott Gsell, currently Defendant's appointed counsel, shall remain as Defendant's counsel, and this matter shall proceed to a prompt resolution.

      Defendant is charged by bill of indictment with drug conspiracy. (Document Nos. 8, 46, and 64). On February 9, 2010, Defendant entered into a Plea Agreement with the government calling for his plea of guilty to drug conspiracy (Document No. 93). On February 11, 2010, Defendant entered his plea of guilty at a Plea and Rule 11 hearing conducted by the undersigned (Document No. 94). Pursuant to this guilty plea, the Probation Office prepared a Presentence Investigation Report (Document No. 133), which was filed with the Court September 27, 2010. Defendant filed objections to the Presentence Investigation Report (Document No. 139) on October 12, 2010, and Defendant's case has technically been pending sentencing since November 2, 2010. Also now

pending is Defendant's motion to withdraw his guilty plea, which Defendant has made orally, and also in a *pro se* motion (Document No. 219) filed May 22, 2012.

The history of Defendant's legal representation during this matter is so convoluted as to almost defy a summary. Suffice to say, over the course of Defendant's case, Defendant has been represented by five different appointed or retained lawyers--Peter Adolf, David Freedman, John Clarke Fischer, Emmanuel West, and Scott Gsell. It was Mr. Freedman who represented Defendant at the time of his Plea and Rule 11 hearing and Presentence Investigation Report. Mr. Gsell currently represents Defendant by court appointment, though over Defendant's objection, as discussed below.

A complete summary of Defendant's legal representation in this matter is unnecessary, but a summary of the most recent events is required as a basis for the Court's present action. On June 5, 2012, Defendant's case was on for sentencing before Judge Richard Voorhees. At that hearing, Judge Voorhees granted the Motion to Withdraw as Attorney (Document No. 226) filed by Emmanuel West, then Defendant's counsel. The sentencing hearing having been continued, the matter next came on for inquiry into status of counsel before Judge David Cayer on June 11, 2012. Following a hearing, Judge Cayer set the matter for further inquiry into status of counsel before the undersigned on June 28, 2012, directing that if Defendant's new retained counsel did not make an appearance at that time, the Court would determine whether Defendant was entering a knowing and voluntary waiver of his right to counsel (Document No. 227).

What followed thereafter were the three successive inquiry to counsel hearings conducted by the undersigned, which are noted at the outset of this Order. At the first of these hearings, on June 28, 2012, Defendant appeared without counsel and requested additional time to hire a lawyer. Notwithstanding Judge Cayer's direction, in an effort to be as fair as possible, the undersigned

continued the matter for one week, directing Defendant that retained counsel must be present at the next hearing, and failing that, Defendant must be prepared to tell the Court whether he wanted appointed counsel or wished to represent himself. Assistant Federal Defender Kevin Tate was present with Defendant during the hearing on June 28, 2012.

The matter came on for further inquiry on July 5, 2012, when once again, Defendant appeared without retained counsel. The Court determined, with the assistance of the Clerk's Office, that the lawyer whom Defendant indicated he had intended to hire had never been contacted by Defendant. As it did at the June 28, 2012 hearing, the Court repeated that Defendant had essentially three choices regarding legal representation: (1) he could retain counsel of his own choosing; (2) he could accept the Court's appointment of a lawyer if he qualified; or (3) he could assert his right to self-representation after an appropriate inquiry by the Court. Despite repeated attempts by the Court to engage the Defendant on this topic, Defendant declined to select any of these three options. The Court in its discretion appointed a lawyer for Defendant, directing that the new appointed counsel discuss with Defendant his options regarding legal representation and be prepared to report back to the Court at a third inquiry set for July 17, 2012.

At the July 17, 2012 inquiry hearing, the Court heard from Mr. Scott Gsell, the lawyer who had been appointed by the Court for Defendant, receiving a summary of Mr. Gsell's interaction with Defendant on the subject of legal counsel. In essence, Mr. Gsell reported that Defendant appeared not to want Mr. Gsell to serve as his appointed lawyer, or even as his stand-by lawyer. Mr. Gsell expressed his belief that Defendant appeared to wish to represent himself. However, upon inquiring directly with Defendant, the Court learned yet again that Defendant declined to select any of the three choices regarding legal representation set forth repeatedly in prior hearings. Defendant clearly stated on the record that he did not wish to be represented by an appointed lawyer, and that he did

not wish to represent himself. Defendant also made a number of statements about his case reflecting what the Court has generically come to refer to as "Moorish" theories regarding the Court's jurisdiction.

In summary, the Court is left with little choice. Defendant appears unable, or unwilling, to actually retain counsel of his own choosing, though he of course retains that right. While the Court has previously determined that Defendant qualifies for appointed counsel, Defendant has repeatedly stated on the record that he does not wish to be represented by appointed counsel; in fact, Defendant has even indicated that he does not wish to have an appointed lawyer as his stand-by counsel. While logic would suggest that he therefore must wish to assert his right to self-representation, when asked about this option, Defendant has on more than one occasion flatly said that he does not wish to represent himself. The Court candidly concludes that Defendant simply intends to delay the conclusion of this case as long as he can by engaging in a cat and mouse game with the Court over issues related to counsel. The Court therefore, in light of all the circumstances, will direct that Mr. Gsell, Defendant's current appointed lawyer, will remain in the case and will serve as Defendant's counsel going forward, despite Defendant's objections.

The Court will address one final matter which arose during the July 17, 2012 hearing. After several statements by Defendant on the record setting forth Defendant's "Moorish" philosophy regarding the Court's jurisdiction, the Government's lawyer, Mr. Kaufman, made an oral motion for an order directing that Defendant undergo a competency examination consistent with Title 18, United States Code, Section 4241. Mr. Gsell, on behalf of Defendant, opposed the motion, making the point that Defendant's adherence to unusual legal theories, while perhaps ultimately to his detriment in his legal case, does not mean that he is incompetent to proceed. On the contrary, Mr. Gsell observed, as the Court has, that Defendant, though perhaps misguided, appears consistently

4

intellectually capable and articulate. The Government's motion for a competency examination, therefore, will be <u>denied</u>.

**IT IS, THEREFORE, ORDERED** that Mr. Scott Gsell, appointed counsel for Defendant, shall continue to serve as Defendant's lawyer pending further orders.

**IT IS FURTHER ORDERED** that the Government's oral motion for a competency examination pursuant to Title 18, United States Code, Section 4241 is **DENIED**.

The Clerk is directed to coordinate with the chambers of Judge Voorhees to schedule Defendant's case for further proceedings without delay.

Signed: August 1, 2012

David C. Keesler
United States Magistrate Judge